No. ——

First Circuit

TERREBONNE GAS COMPANY v. HOTARD

(May 4, 1926, Opinion and Decree)

(Syllabus by the Editor.)

1. Louisiana Digest—Judges—Par. 12, 14, 22.

Section 3 of Act 40 of 1880 which requires that the order of appointment of a

judge ad hoc be entered on the minutes of the court does not apply to a judge ad hoc appointed because of· prior consultation or employment of the recused judge.

Appeal from the Parish of Terrebonne, Hon. Robt. B. Butler, Judge.

Action by Terrebone Gas Company against Charles Hotard. There was a judge ad hoc appointed to which defendant objected and appealed.

Appointment declared valid.

Wurtzlow and Watkins, of Houma, attorneys for plaintiff, appellee.

Harris Gagne, of Houma, attorney for defendant, appellant.

MOUTON, J. The district judge recused himself of his own motion herein and appointed A. J. Caillout, an attorney of the Houma bar, as judge ad hoc to try the case. The judge gave as the reason for his recusation that this case was a mere continuation of the same controversy in which he had been consulted originally and had recused himself in the first trial. Counsel for defendant and appellant says the judge may recuse. himself because he has been of counsel, but only where the same parties in the same cause are before the court. As this was a continuation of the same cause, although other parties had intervened, there was legal ground for recusation by the district judge.

Counsel says that the order of the court making the appointment of a judge ad hoc must be entered on the minutes of the court. When the case came up for hearing before the judge ad hoc, he ordered that the order of recusation of the district judge and his oath as judge ad hoc, be entered on the minutes of the court to which appellant objected claiming that this order should have been placed. of record by the judge of the court, and should have been rendered in open court. In support of this contention he refers us to Sec. 3 of Act No. 40, 1880, page 38; and Sec. 2, Act 70, 1876.

Section 3 of Act 40, 1880, which requires that the order of appointment be entered on the minutes of the court, applies to cases where the judge is recused for cause of interest. For the other causes for recusation provided for in that act, including that of previous consultation or employment of the recused judge, no such entry is required.

The other Act, No. 70 of 1876, has reference to cases where they are transferred from the parish where such suits are pending to an adjoining parish or district. The provisions of that Act have no application to the present contention.

Counsel also contends that such an order of appointment should be rendered in open court. This may be true as far as this contention relates to a recusation for cause of interest, as this requirement would be implied from the fact that in that class of cases, the section of the statute above referred to, provides for the entry of such orders on the minutes of the court. This is, however, inapplicable here as the question involved is as to the legality of the recusation of the judge because of prior consultation or employment.

We find that the recusation was authorized, and that the appointment of the judge ad hoc was valid.

As no other questions or complaints are urged by the appellant, the judgment is affirmed with cost.